IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC. CLERK. CHARLESTON. SC

2013 FEB -8 P 3: 06

| | |
|---|---|
| David Canty, ) | |
| ) | |
| Movant, ) | |
| ) | 4:01-cr-0445-CWH-1 |
| vs. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

On January 12, 2012, the movant, David Canty ("Canty"), acting pro se, filed a motion pursuant to Federal Rule of Civil Procedure 60(b), disputing the drug weight attributed to him at sentencing based on allegedly new information about one of his co-defendants whose testimony had been used to calculate the drug weight. For the reasons set forth below, Canty's motion is denied.

## I. FACTS AND PROCEDURAL HISTORY

On July 26, 2001, Canty, a convicted felon, pleaded guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 90). The Court adopted a drug quantity of 4.6 kilograms of crack cocaine.

On January 16, 2002, following the Government's motion for downward departure, the Court sentenced Canty to a total term of 240 months in prison, ordering that the term of 240 months as to possession of cocaine run concurrently with the 120 months as to possession of a firearm, followed by 5 years of supervised release. (ECF Nos. 110, 117). On February 28, 2002,

Page 1 of 7

Canty filed a notice of appeal. (ECF No. 119). On December 9, 2002, the Fourth Circuit dismissed his appeal based on his unopposed motion to dismiss. (ECF No. 130).

On June 22, 2006, the Government filed a motion pursuant to Federal Rule of Criminal Procedure 35(b). (ECF No. 160). After a hearing, the Court granted the Government's motion and reduced Canty's sentence from a term of 240 months to a term of 180 months, to run concurrently with the 120 month sentence. (ECF Nos. 162, 167). Canty's motion for reconsideration was denied by the Court on October 24, 2007. (ECF No. 182). On July 5, 2006, Canty unsuccessfully attempted to appeal the extent of his sentence reduction to the Fourth Circuit. (ECF No. 165). On May 25, 2007, the Fourth Circuit dismissed the appeal. (ECF Nos. 180-81).

On March 6, 2008, Canty moved for retroactive application of the amended sentencing guidelines. (ECF No. 184). On November 19, 2008, Canty's motion was denied by the Court because the drug quantity exceeded 4.5 kilograms of crack cocaine. (ECF No. 204). On November 21, 2011, pursuant to 18 U.S.C. § 3582(c), this Court reduced Canty's sentence to a total of 162 months imprisonment. (ECF No. 215).

On January 12, 2012, Canty filed a motion pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 221). The Government filed its response in opposition to the motion on December 13, 2012. (ECF No. 238).

## II. DISCUSSION

In his Rule 60(b) motion, Canty objects to the drug amount attributed to him, which had been based on the testimony of a co-defendant, Willie Tyron Keitt ("Keitt").[1] Keitt testified that he sold 5 grams of crack cocaine daily for Canty from January 1999 through December 2000. However, after sentencing, Canty learned that Keitt was sentenced to a period of incarceration

---

[1] In his motion, Canty erroneously refers to his co-defendant as Willie Keith.

which allegedly overlapped with a portion of the time Keitt stated he dealt drugs with Canty. Canty argues that based on this information, he could not have given Keitt crack cocaine during the time period stated above, and, thus, the Court inaccurately attributed the drug quantity to him.

Below is a full analysis as to why Canty's motion is denied.

### A. Federal Rule of Civil Procedure 60(b) is Inapplicable to Challenge a Criminal Conviction.

As the government accurately contends, the Fourth Circuit has ruled that a defendant may not challenge his criminal conviction using the Federal Rules of Civil Procedure, such as Rule 60(b). See United States v. Grapes, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam) (holding "[t]he Federal Rules of Civil Procedure do not provide a vehicle by which . . . [a defendant] may challenge his criminal judgment") (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (stating that a criminal defendant cannot challenge orders entered in his criminal case using Fed. R. Civ. P. 60(b)); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (holding that a defendant cannot challenge criminal forfeiture orders under the Federal Rules of Civil Procedure)); Ross v. United States, No. 7:07-cr-00401-GRA-1, 2011 WL 3329808, at *2 (D.S.C Aug. 2, 2011) (finding "Rule 60(b) does not provide a vehicle by which . . . [a defendant] may challenge his criminal conviction") (citation omitted).

As the government correctly argues, Canty is, in essence, challenging his criminal judgment. Canty claims that his guideline range was incorrectly increased based on inaccurate information about the drug amount attributed to him. His claim cannot be brought pursuant to Rule 60(b), and thus, it is denied.



### B. Canty's Rule 60(b) Motion is Untimely.

Furthermore, even if this Court considered Canty's Rule 60(b) motion, it would be untimely because it was not filed within the applicable time period for filing a notice of appeal in a criminal case. According to Federal Rule of Appellate Procedure 4(b), "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b). In United States v. McKelver, the Fourth Circuit affirmed the denial of the Rule 60(b) motion in a criminal case as untimely because the motion was not filed within the period of time for filing a notice of appeal. 225 F. App'x 185, 186 (4th Cir. 2007) (per curiam). In the present case, judgment was entered on December 10, 2002. Canty filed his Rule 60(b) motion on January 12, 2012. Clearly, more than fourteen days elapsed between the entry of judgment and the filing of the Rule 60(b) motion. Thus, this Court deems Canty's motion untimely.

Canty erroneously relies on Gonzalez v. Crosby, 545 U.S. 524 (2005), in support of his Rule 60(b) motion. The government accurately described Gonzalez in its response. Gonzalez involved the question of whether a Rule 60(b) motion contesting a district court's dismissal of a previous habeas corpus petition on statute of limitations grounds amounted to a second or successive habeas petition in a Section 2254 case. The Supreme Court held that a Rule 60(b) motion challenging "some defect in the integrity of the federal habeas proceeding[][,]" rather than "the substance of the federal court's resolution of a claim on the merits," was not the equivalent of a second or successive habeas petition requiring precertification by the Court of Appeals. Gonzalez, 545 U.S. at 532-38.

In contrast to Gonzalez, Canty never filed a federal habeas petition in this case, and thus, his Rule 60(b) motion cannot be construed as challenging a defect in the integrity of prior habeas

proceedings. Quite differently, Canty's challenge is based on "newly discovered evidence" regarding the amount of drugs attributed to him at sentencing. Such claims are precisely the type explicitly excluded by the Supreme Court from the reach of its holding in Gonzalez. Id. at 531-32.

### C. The Re-characterization of Canty's Motion as one Pursuant to 28 U.S.C. § 2255 will not cure its untimeliness.

Depending on the relief requested in a petitioner's motion and the nature of the claims presented, a Rule 60(b) motion may be re-characterized as a § 2255 motion. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003); Smith v. United States, Nos. 5:01-cr-180-1BO, 5:12-cv-91-BO, 2012 WL 6481228, at *1 (E.D.N.C. Dec. 13, 2012) (citations omitted). For instance, "new legal arguments or proffers of additional evidence . . ." and "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." Winstock, 340 F.3d at 207. Canty's Rule 60(b) motion could be re-characterized by this Court as a motion pursuant to 28 U.S.C. § 2255 because he asserts a new ground for relief directly attacking his sentence based on allegedly new evidence. See 28 U.S.C. § 2255(h). However, even if it is re-characterized, Canty's motion would remain untimely.

A one-year period of limitation applies to any motion filed under 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.



28 U.S.C. § 2255(f). Of this list, subsections 3 and 4 are the only ones applicable to Canty's motion. If a defendant does not file a petition for a writ of certiorari "within 90 days after entry of judgment" of the appellate court, the judgment of conviction becomes final. Sup. Ct. R. 13(1). Here, the Fourth Circuit dismissed Canty's appeal on December 9, 2002, and Judgment was entered on December 10, 2002. (ECF No. 130). Canty did not file a petition for rehearing or for writ of certiorari, therefore, his conviction became final in March 2003—90 days after entry of judgment. Pursuant to 28 U.S.C. § 2255(f)(1), in order for Canty's motion to be timely, it should have been filed in March 2004. Thus, even if this Court determined that Canty's motion is in fact a § 2255 motion, it remains untimely because it was not filed until January 12, 2012.

Finally, in regard to 28 U.S.C. § 2255(f)(4)—Canty's "newly discovered facts"–Canty provides no explanation as to why these facts could not have been discovered earlier through the exercise of due diligence. Canty only states that he obtained Keitt's criminal record "after . . . sentencing" and "post-sentencing." (Def.'s Rule 60(b) Mot. 2-3). The government accurately argues that in order for the motion to be timely under § 2255(f)(4), Canty would have to show that the new facts supporting his claim—Keitt's criminal record—could not have been discovered through due diligence until on or after January 12, 2011. Canty has made no showing whatsoever that such an amount of time was required for him to discover the information upon which his Rule 60(b) motion is based.

In certain circumstances, the doctrine of "equitable tolling may . . . apply to excuse a . . . [party's] failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, this doctrine only applies in "two generally distinct kinds of situations"—(1) "the plaintiffs were prevented from asserting their



claims by some kind of wrongful conduct on the part of the defendant[;]" and (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file claims on time." Id. at 330. The circumstances in the case at hand do not meet either of these situations. Therefore, equitable tolling is not applicable to this case.

### III. CONCLUSION

For the reasons discussed above, Canty's motion for relief from judgment for mistakes, errors, and in the interest of justice pursuant to rules governing 60(b) (ECF No. 221) is denied.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

February 8, 2013
Charleston, South Carolina